**CARMEN A. TRUTANICH**, City Attorney
**GARY G. GEUSS**, Chief Assistant City Attorney
**CORY M. BRENTE**, Assistant City Attorney
**ELIZABETH T. FITZGERALD**, Deputy City Attorney (SBN:158917)
6th Floor, City Hall East
200 No. Main Street
Los Angeles, CA 90012
Tel: # (213) 978-7041; Fax # (213) 978-8785

Attorneys for Defendants CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, CHIEF CHARLIE BECK, JUAN BARRILLAS, NICHOLAS ROTHEMICH AND PAUL FEDYNICH

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN E. HENRIQUEZ,<br><br>    *Plaintiff,*<br><br>vs.<br><br>CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, CHIEF OF POLICE CHARLIE BECK, OFFICERS JUAN ROTHEMICH AND PAUL FEDYNICH and DOES 1 through 50, inclusive.<br><br>    *Defendants* | CASE NO.CV 10-3072 SJO (VBK)<br><br>**STIPULATION AND PROTECTIVE ORDER RE PRIVILEGED DOCUMENTS AND THINGS** |

**TO THE HONORABLE MAGISTRATE JUDGE:**

Plaintiff IVAN HENRIQUEZ, by and through his attorneys of record, Lisa Holder and Christopher Canlas, and Defendants CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, CHIEF CHARLIE BECK, JUAN BARRILLAS, NICHOLAS ROTHEMICH AND PAUL FEDYNICH (hereinafter referred to as "Defendants"), by and through their attorneys of record, Carmen A. Trutanich, City Attorney, Cory M. Brente, Supervising Assistant City Attorney, and Elizabeth T. Fitzgerald, Deputy City Attorney, **HEREBY STIPULATED AND AGREED** between the parties hereto, by their undersigned counsel of record, that the following Protective

Order, and its terms shall govern the following documents and things in this matter:

This Protective Order concerns the disclosure and/or ordered production of any and all documents and things which are believed by Defendants, in good faith, to be privileged, confidential, private or sensitive. This Protective Order is intended to cover documents and things disclosed pursuant to discovery, stipulation or court order. The Court orders as follows:

### *TERMS OF THE PROTECTIVE ORDER*

1. Defendants and Plaintiffs have agreed that the below-listed documents shall be designated confidential documents and/or writings because Defendants believe, in good faith, that these documents and/or writings are privileged, confidential, private or sensitive nature. This will be accomplished by affixing to such document or writing a legend, such as "Confidential," "Confidential Documents," "Confidential Material Subject to Protective Order" or words of similar effect. Documents and writings so designated, and all information derived therefrom (hereinafter, collectively, "Confidential Information"), shall be treated in accordance with the terms of this stipulation/protective order. Documents, writings and things to be designated as such, include and are not limited to the following:

Any LAPD Internal Affairs and/or Professional Standards and/or Force Investigation Division investigation files including but not limited to, tape recorded interviews, compelled statements of police officers, complainants, and other witnesses, and supporting documentation.

2. Confidential Information may be used by the persons receiving such information [hereinafter "Receiving Party(ies)"] only for the purpose of this above-captioned litigation.

3. Subject to the further conditions imposed by this stipulation/protective order, Confidential Information may be disclosed only to the following persons:

   a. Counsel for Plaintiff and to experts, investigators, paralegal assistants, office clerks, secretaries and other such personnel working under their supervision.

1           b.    Such other parties as may be agreed by written stipulation among the
2   parties hereto, or by Court Order.
3       4.    Prior to the disclosure of any Confidential Information to any person described
4   in paragraph 3(a), or 3(b), counsel for the Receiving Party who seeks to use or disclose such
5   Confidential Information shall first provide a copy of this Stipulation and have the individual
6   to whom the Receiving Party intends to disclose said Confidential Information sign a
7   nondisclosure agreement, stating that the person has received and read a copy of the
8   Stipulation and understands that s/he is bound by the terms of the Stipulation in substantially
9   the form set forth below:
10       A.    I understand that I am being given access to Confidential Information pursuant
11       to the foregoing Stipulation and Order.  I have read the Stipulation and Order
12       and agree to be bound by its terms with respect to the handling, use, and
13       disclosure of such Confidential Information.
14   Dated:
15       Signed: _____
16
17   Counsel for the Receiving Party shall maintain all signed acknowledgments of receipt
18   of the Stipulation until such time as the case is concluded and all related appellate issues are
19   resolved.  If an issue arises regarding a purported unauthorized disclosure of Confidential
20   Information, upon noticed motion of contempt filed by the Disclosing Parties, counsel for
21   the Receiving Party may be required to file the signed acknowledgment of the receipt and
22   review of the Stipulation.  The Receiving Party may not be required to produce any
23   documents that would reveal the identity of the persons given Confidential Information
24   pursuant to this protective order except upon an order of the Court.
25       5.    Upon the final termination of this litigation, including any appeal pertaining
26   thereto, all Complaint Investigation materials, including Plaintiff's copy of the Protective
27   Order, as well as any other Court Ordered Documents provided pursuant to this Protective
28   Order and all copies thereof, shall be returned to the Offices of the Los Angeles City

Attorney's Office, 6th Floor, City Hall East, Los Angeles, California 90012 for destruction/shredding upon Defendant's written request for the return of said documents. Moreover, any information that was transferred onto a computer, zip drive, disc or other source, shall be destroyed and deleted. All Confidential documentation provided to any person or party, pursuant to any provision hereof, also shall be returned to the City Attorney's Office.

6. If any party who receives Confidential Information receives a subpoena and/or public record request seeking Confidential Information, he, she or it shall immediately give written notice to counsel for defendants, identifying the Confidential Information sought and the time in which production or other disclosure is required, and shall object to the request or subpoena on the grounds of this stipulation/protective order. At that time, Plaintiffs must thereafter obtain an order barring production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure of Confidential Material. Thereafter, it will be incumbent upon both defendant's and plaintiff's counsel to object to and/or litigate the merits of the subpoena or request for Confidential Information. In no event should production or disclosure be made without written approval by defendants' counsel unless required by Court Order arising from a motion to compel production or disclosure of Confidential Information.

7. Any pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions to the Court in this litigation which contain, or incorporate Confidential Information shall be filed and maintained under seal. Any other pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions that refer to, but do not contain or incorporate Confidential Information, shall designate the particular aspects that are confidential so as to enable the Court, in drafting presumptively public orders relating to these filings under seal, to determine whether there is evidence which the Court should attempt not to disclose. If any papers to be filed with the Court contain protected information, the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the protected information, under seal and that the application

shall be directed to the judge to whom the papers are directed.

8. Counsel for the parties hereto agree that the parties must request that the Court consider that any motions, applications or other pre-trial proceedings which specifically entail the discussion or disclosure of Confidential Information be heard by the Court outside the presence of the jury. Counsel for the parties agree that, during any portion of the trial of this action which decisively entails the discussion or disclosure of Confidential Information, that Defendants will have an opportunity to request that access to the courtroom be limited to parties, their counsel and other designated representative, experts or consultants who agreed to be bound by this stipulation/protective order, and court personnel and/or to request a side bar to discuss confidential documents outside of the jury's presence.

9. Nothing herein shall prejudice any party's right to object to the introduction of any Confidential Information into evidence, on grounds including but not limited to relevance and privilege.

10. The party designating information, documents, materials, or items as confidential bears the burden of establishing the confidentiality. At any time after receipt of documents labeled as Confidential Information, the Receiving Parties may provide the Disclosing Parties with a written objection to the classification of specific documents as prohibited from disclosure under this protective order and the basis for the Receiving Parties' objection. The Disclosing Party shall, within 20 days of receipt of the written information notice, advise the counsel for the Receiving Parties whether the Disclosing Party intends to seek an order from the Court retaining the documents within the Protective Order. The counsel for the Receiving Parties must, upon receipt of such written notice, continue to treat the documents as Confidential Information until such time as the Court issues a ruling on the Disclosing Parties motion to maintain the confidentiality of said documents. Notwithstanding the foregoing, any party bound by this Stipulation who contests the confidential nature of documents produced pursuant to this Stipulation may move the Court for an order to have the documents removed from the protective order and to have the documents declared not confidential, or otherwise move to modify the Stipulation as to some

or all of the documents.  These procedures are in addition to, and not in lieu of compliance with Local Rule 37-1 et seq. relating to discovery motions.

*IT IS SO STIPULATED:*

Dated: Dec. ____, 2010

          **CARMEN A. TRUTANICH**, City Attorney

          By_____
           **ELIZABETH T. FITZGERALD**, Deputy City Attorney
          Attorneys for Defendants

Dated: Dec. ____, 2010

          By:_____
          LISA HOLDER AND C. CANLAS**,** Esq.
          Attorneys for Plaintiffs

*IT HEREBY IS SO ORDERED:*

Dated:  _December 8, 2010___          _____/s/_____
                                                        *HON.*
                                                  *United States Magistrate Judge*

*Presented by:*

ELIZABETH T. FITZGERALD
Deputy City Attorney